IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**CHERYL L. CARDER,**
Administratrix of the Estates
of **BEVERLY ANN TANNER,** and **RAYMOND GLEN TANNER**;
and **RANDY TANNER,**

        Plaintiffs,

CIVIL ACTION NO. 2:21-cv-00511

vs.

**HOVEROUND CORPORATION,**
a foreign corporation, and
**CURTISS-WRIGHT CONTROLS INTEGRATED SENSING, INC.**,
a foreign corporation,

        Defendants.

## NOTICE OF REMOVAL

Comes now Curtiss-Wright Controls Integrated Sensing, Inc. by and through its counsel and gives notice that it removed a civil action pending in the Circuit Court of Wood County, West Virginia, styled as *"Cheryl L. Carder, Administratrix of the Estates of Beverly Ann Tanner, and Raymond Glen Tanner; and Randy Tanner v. Hoveround Corporation, a foreign corporation, and Curtiss-Wright Controls Integrated Sensing, Inc., a foreign corporation, Civil Action No. 21-C-218"* to the United States District Court for the Southern District of West Virginia at Charleston. In accordance with the provisions of 28 U.S.C. § 1446 (1998), Curtiss-Wright Controls Integrated Sensing, Inc. states as follows:

## THE REMOVED CASE

1. On or about August 24, 2020, the Plaintiffs Cheryl L. Carder and Randy Tanner commenced a civil action at law against Defendants Hoveround Corporation

("Hoveround") and Curtiss-Wright Controls Integrated Sensing, Inc. ("Curtiss-Wright") in the Circuit Court of Wood County, West Virginia styled *Cheryl L. Carder, Administratrix of the Estates of Beverly Ann Tanner, and Raymond Glen Tanner; and Randy Tanner v. Hoveround Corporation, a foreign corporation, and Curtiss-Wright Controls Integrated Sensing, Inc., a foreign corporation, Civil Action No. 21-C-218*" ("the Action").

2. The Plaintiffs' Complaint alleges that on or about August 26, 2019, a fire occurred at the residence of Beverly Ann Tanner and Raymond Glen Tanner located at 4109 8th Avenue Parkersburg, Wood County, West Virginia. *See* Complaint at ¶ 1, 27 attached hereto as **Exhibit A**. Plaintiffs' further allege this fire originated from Defendants' products, "the Hoveround MPV5 was the origin of the fire, specifically the wiring harness associated with the electronic controller." Id. at ¶ 34.

3. Plaintiffs further allege that both Beverly Tanner and Raymond Tanner died in the fire on August 26, 2019, Randy Tanner suffered personal injuries and damages "including damages from smoke inhalation and other physical, emotional and psychological injuries []", and Cherly L. Carder and the statutory beneficiaries of Beverly and Raymond Tanner have been damaged as a result of the "actions, omissions, and conduct of the Defendants" described in the Complaint. *See* Complaint at ¶¶ 32, 49, 50.

4. Plaintiffs Cheryl L. Carder and Randy Tanner allege claims of negligence, strict liability – defective design, strict liability – defective manufacture, strict liability – failure to warn, breach of warranty, and negligent infliction of emotional distress, and seek compensatory damages, punitive damages, pre- and post-judgment interest, costs and attorney's fees for: "extreme pain and suffering; permanent scaring and disfigurement; extreme mental anguish; emotional distress; annoyance, aggravation,

2

and inconvenience; loss of enjoyment of life; medical expenses; lost wages; loss of future wages, earning capacity, and benefits; loss of the ability to perform household services; funeral, burial, and memorial expenses; property damage, [] all other damages permitted by applicable law", "[t]he wrongful death of Beverly Tanner and Raymond Tanner, loss of Beverly Tanner's and Raymond Tanner's society, companionship, comfort, guidance, kindly offices, advice, services, protection, care and assistance, severe and extreme mental anguish and solace, past and future", "severe and permanently disabling personal injuries as well as psychological injuries, severe emotional distress, past and future, lost wages and benefits, permanent physical impairment, loss of capacity to enjoy life and engage in normal activities, past and future, annoyance and inconvenience, humiliation, embarrassment, and aggravation, past and future, and damages to [Randy Tanner's] personal property losses destroyed in the fire." See Complaint, Counts One-Eleven, Prayer for Relief, ¶¶ 47(a)-(m), 48(a)-(m), 49 (a)-(j), 52(a)-(m).

5. The Plaintiffs' Complaint in the Action asserts a demand for a trial by jury.

6. Defendant Curtiss-Wright's counsel accepted service of the Complaint on August 24, 2021, and Defendant Hoveround was served with a copy of the Complaint and Summons on August 24, 2021 through its registered agent. See West Virginia Secretary of State Service of Process Records attached hereto as **Exhibit B**; See Electronic Correspondence Dated August 24, 2021 attached hereto as **Exhibit C**.

7. Defendants Curtiss-Wright and Hoveround have until September 23, 2021, to answer or otherwise plead to the Complaint.

8. The Notice of Removal is timely under 28 U.S.C. § 1446 in that it was filed on September 10, 2021, or within thirty days of receipt of the Complaint and Summons and within one (1) year of the commencement of the action.

9. Defendant Hoveround consents to this Notice of Removal. *See* <u>Consent</u> attached hereto as **Exhibit D**.

10. Attached to this Notice of Removal as **Exhibit E** is a copy *teste* of the docket sheet of the Circuit Court of Wood County, West Virginia evidencing the complete state court record as of September 9, 2021.

11. This Action is one which may be removed by the Defendants pursuant to the provisions of 28 U.S.C. § 1441 on the basis of diversity jurisdiction and amount in controversy, as indicated by the following circumstances:

## DIVERSITY

12. The Plaintiff Cheryl L. Carder is a resident and citizen of Wood County, West Virginia and is duly appointed the Administratrix of the Estates of Beverly Ann Tanner and Raymond Glen Tanner. At the time of their death, Beverly Ann Tanner and Raymond Glen Tanner were residents and citizens of Wood County, West Virginia. *See* <u>Complaint</u> at ¶ 1. Thus, Plaintiff Cheryl L. Carder is a citizen and resident of West Virginia, and Beverly Ann Tanner and Raymond Glen Tanner were citizens and residents of Wood County, West Virginia.

13. The Plaintiff Randy Tanner is an adult individual and a citizen and resident of West Virginia. *See* <u>Complaint</u> at ¶ 3. Thus, Plaintiff Randy Tanner is a citizen and resident of West Virginia.

14. The Defendant Hoveround is a corporation organized under the law of the State of Florida with its principal place of business in Sarasota, Florida. The citizenship

of a corporation is determined by both its state of incorporation and its principal place of business. Thus, Hoveround, is now and was at all times pertinent hereto, a citizen of the state of Florida, and not a citizen of West Virginia. See Complaint at ¶ 4.

15. The Defendant Curtiss-Wright is a corporation organized under the law of the State of Delaware with its principal place of business in Charlotte, North Carolina. The citizenship of a corporation is determined by both its state of incorporation and its principal place of business. Thus, Curtiss-Wright is now and was at all times pertinent hereto, a citizen of the state of Delaware and North Carolina, and not a citizen of West Virginia. See Complaint at ¶ 8.

16. There is complete diversity of citizenship among the parties to the Action.

17. As of the filing of this Notice, the citizenship of the respective parties is unchanged.

18. Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of Section 1441(b) of Title 28 of the United States Code because none of the parties in interest properly joined and served as a defendant is a citizen of the State of West Virginia, the State in which this action was brought.

19. That this Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because this Notice of Removal is filed within thirty (30) days of receipt of the initiating documents.

**AMOUNT IN CONTROVERSY**

20. In this case, Plaintiffs seek damages from Defendants under West Virginia common law. As part of their Complaint, the Plaintiffs plead and seek damages in an

amount, exclusive of interests and costs, in excess of the Seventy-Five Thousand dollars ($75,000.00) jurisdictional limits of this Court.[1]

21. Plaintiff also seeks as part of their Complaint, "punitive damages." See Complaint at pg. 30.

22. As this Court has recognized, a "claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action." *Hutchens v. Progressive Paloverde Insurance Company*, 211 F. Supp.2d 788, 790 (S.D.WV 2002). See also, *Charitas v. Bavarian Motor Works*, 106 F.Supp.2d 872 (S.D.WV 2000); *Hicks v. Herbert, Jr.*, 122 F.Supp.2d 699 (S.D.WV 2000); *Bryant v. Wal-Mart Stores East, Inc.*, 117 F.Supp.2d 555 (S.D.WV 2000).

23. For purposes of removal, the amount in controversy is determined by considering the judgment that could be entered if the Plaintiffs prevail on the merits of their case as it stands at the time of removal. Based upon the allegations contained in the Complaint and the damages alleged to be recoverable under West Virginia law, the amount placed in controversy by the claims advanced in Plaintiffs' Complaint exceed the sum of $75,000.00 exclusive of interest and costs.

24. Pursuant to 28 U.S.C. § 1441(a), the Action is properly removable. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[1] Given the number and types of claims along with two claims of wrongful death and two claims for property damage, and Plaintiffs' claims of punitive damages, it is without question Plaintiff's claims will exceed $75,000.00. Moreover, Plaintiffs did not file a binding stipulation limiting damages to less than $75,000.00 at the time of the filing of the Complaint.

**CONCLUSION**

25. Venue is proper under 28 U.S.C. § 1441(a) and the United States District Court for the Southern District of West Virginia, Charleston Division is the appropriate district and division corresponding to Wood County, West Virginia where the state court action is pending.

26. This Action is not an action described in 28 U.S.C. § 1445.

27. Pursuant to 28 U.S.C. § 1447(b), as evidenced by **Exhibit E**, the only pleadings filed in this matter prior to this removal is the Complaint which is attached hereto as **A**.

28. Pursuant to 28 U.S.C. § 1446(b), Defendant has complied with the procedures for timely removal of this Action because it has filed this Notice of Removal within thirty (30) days after receipt of the initial pleading.

29. This Notice of Removal will be served on all parties in accordance with 28 U.S.C. § 1446.

30. A true and accurate copy of this Notice of Removal will be filed with the Clerk of the Wood County Circuit Court in accordance with 28 U.S.C. § 1446.

**WHEREFORE,** the Defendant submits this Notice of Removal for the consideration of the Court herein and hereby gives notice to the Clerk of the Circuit Court of Wood County, West Virginia, that Removal is hereby effected and that no further action by the Circuit Court shall take place unless this action be remanded by the United States District Court.

**CURTISS-WRIGHT CONTROLS INTEGRATED SENSING, INC.**

*/s/ J. David Bolen*
J. David Bolen, Esquire (WVSBN 8783)
Ellen M. Jones, Esquire (WVSBN 12759)
**DINSMORE & SHOHL, LLP**
611 Third Avenue
Huntington, West Virginia 25722-2185
david.bolen@dinsmore.com
ellen.jones@dinsmore.com
(304)529-6181—Telephone
(304)522-4312—Facsimile

**COUNSEL FOR DEFENDANT,
CURTISS-WRIGHT CONTROLS INTEGRATED SENSING, INC.**

8

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he served the **"Notice of Removal"** upon the following persons via U.S. Mail at Huntington, West Virginia on the 10th day of September 2021:

Robert P. Fitzsimmons, Esquire
Brent E. Wear, Esquire
Clayton J. Fitzsimmons, Esquire
Mark A. Colantonio, Esquire
FITZSIMMONS LAW FIRM PLLC
1609 Warwood Avenue
Wheeling, WV 26003

David A. Sims, Esquire
LAW OFFICES OF DAVID A. SIMS, PLLC
P.O. Box 5349
Vienna, WV 26105

Ashley Kral Cannon, Esquire
THE LAW OFFICES OF TERRY L.M. BASHLINE
6 PPG Place, Suite 750
Pittsburgh, PA 15222

　　　　　　　　　　　　　　　　　　　　　/s/ J. David Bolen